UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **CALVIN JOHNSON**<br>**Alabama Dept. Corrections No. 147679** | **CIVIL ACTION NO.  08-0277** |
| | **SECTION P** |
| VS. | **JUDGE JAMES** |
| **RICHARD DeVILLE, ET AL.** | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Before the court is a civil rights complaint (42 U.S.C. §1983) filed *in forma pauperis* on February 22, 2008, by *pro se* plaintiff Calvin Johnson.  Plaintiff is an inmate in the custody of Alabama's Department of Corrections (ADOC).  He is incarcerated at the Draper Correctional Facility, Elmore, Alabama; however, when he filed this complaint he was incarcerated at the J.B. Evans Correctional Center (JBECC), Newellton, Louisiana.  He complains that he was denied adequate medical treatment during the time he was incarcerated at JBECC from November 27, 2007, to March, 2008.  He sued JBECC Warden Richard DeVille, Assistant Warden Pailett, Nurse L. Smith, the LCS Corporation, the JBECC and ADOC Assistant Commissioner Ruth Naghlich.  He prays for an order directing the defendants to provide "prompt medical attention." He also prays for punitive damages in the amount of $3,500 from defendants DeVille, Pailett, and Nurse Smith and punitive damages in the amount of  $15,000 from defendants LCS Corp. and JBECC.  He also prays for court costs and filing fees. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.  For the following reasons, it is recommended that the complaint be **DENIED** and **DISMISSED WITH PREJUDICE.**

## *Statement of the Case*

Plaintiff is an inmate in the custody of the ADOC. On November 14, 2007, surgery was performed and a lump was removed from his neck. According to plaintiff, additional surgery was scheduled for some future date to remove a lump from his right foot.

For reasons not stated, he was transferred to the JBECC on November 27, 2007, prior to the anticipated foot surgery. Plaintiff requested an examination by a physician on December 16, 2007,[1] and again on January 4, 2008;[2] however, he was not examined by a physician on either date.

On January 4, 2008, plaintiff submitted a grievance to prison authorities "... due to lack of medical attention without response..." As a result, plaintiff was examined by a nurse on January 23, 2008,[3] and by a physician on February 1, 2008. The physician advised that the lump on plaintiff's foot must be removed to ease plaintiff's pain.

On February 4, 2008, plaintiff spoke to Warden DeVille about his continued pain and the lack of medical attention. Plaintiff was advised "... that paperwork showed need to go beyond institutional medical care..." On February 10, 2008, plaintiff received notice of refusal of medical attention from Assistant Warden Paillett and Nurse Smith.[4]

---

[1] See doc. 1, p. 11, Exhibit 7.

[2] See doc. 1, p. 12, Exhibit 8.

[3] See doc. 1, p. 6, Exhibit 2.

[4] Plaintiff submitted a request to Warden DeVille on February 10, 2008, "I'm following up on your order concerning checking up on my need for medical help. I need attention. Did Alabama approve my other operation? I am serving a life sentence and should not have to endure the severe pain that I am having daily. Please check and get approval to take me to obtain medical help or take me back to get it. But I need prompt help, now. It makes no sense to correct one problem and leave the other that's causing the most physical pain. It hurts to simply walk." On February 11, 2008, plaintiff received the following response from the JBECC medical department, "Inmate was seen

On February 15, 2008, plaintiff filed another grievance requesting reasons for the denial.[5] According to plaintiff, he received no response.

According to plaintiff, he has had one surgery to remove the lump in his neck and physicians in Alabama and Louisiana agree that the lump on his foot must be removed in order to relieve his pain; nevertheless, according to plaintiff, surgery has been denied, and the lump continues to grow and cause pain.

Plaintiff signed his complaint on February 21, 2008. He was returned to Alabama sometime thereafter but prior to March 14, 2008, the date plaintiff advised the court of the transfer.

*Law and Analysis*

*1. Frivolity Review*

When a prisoner is allowed to proceed *in forma pauperis* in a suit against an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118

---

by facility (medical doctor). on 2/1/08. (Medical doctor) referred (inmate) for other consult regarding ganglion (fatty tissue) to (right) foot. Alabama was notified for approval for consult but (inmate) was denied approval per Brandon in Alabama." [doc. 1, p. 5, Exhibit 1]

[5] Plaintiff's February 15, 2008 request sought information concerning the identities of potential defendants and was entitled "Legal Information Request."[doc. 1, p. 7, Exhibit 3]

L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Furthermore, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

The law accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neiztke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A complaint is frivolous if it lacks an

arguable basis in fact (i.e. the facts are clearly baseless, a category including allegations that are fanciful, fantastic, or delusional). *Hicks v. Garner*, 69 F.3d 22, 25 (5th Cir.1995); *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); *Denton v. Herndandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). Plaintiff has set forth specific facts which he claims entitles him to a specific form of relief. He need not be afforded an opportunity to amend his complaint.

## *2. Medical Care*

Plaintiff's medical care claim arises under the Eighth Amendment's prohibition against cruel and unusual punishment. In order to show an Eighth Amendment violation in this context, plaintiff must show that the defendants were deliberately indifferent to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Thompson v. Upshur County, Texas*, 245 F.3d 447, 457 (5th Cir.2001). Plaintiff has not made such a showing.

Deliberate indifference in this context means that: (1) the defendant prison officials were aware of facts from which an inference of substantial risk of serious harm could be drawn; (2) the officials actually drew that inference; and (3) the officials' response indicated that they subjectively intended that harm occur. *Id.* at 458-59.

"[T]he failure to alleviate a significant risk that [the official] should have perceived, but did not is insufficient to show deliberate indifference." *Domino v. Texas Department of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001). Moreover, "deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm." *Thompson*, 245 F.3d at 459. "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir.1997); see also *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir.1999).

The fact that a plaintiff disagrees with what medical care is appropriate does not state a claim of deliberate indifference to serious medical needs. See *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir.1997).

Plaintiff's detailed recitation of the facts is insufficient to establish deliberate indifference. The complaint establishes that plaintiff was incarcerated at JBECC for a very brief period of time. He was transferred to that facility on November 27, 2007, and he was transferred away in less than three months time. His first request to see a physician was on December 16, 2007; his second request was on January 4, 2008. In response to those requests, plaintiff was ultimately examined by a nurse on January 23 and by a physician on February 1, 2008.

Further, the record reflects that the physician's findings and his conclusion that plaintiff was in need of surgery was immediately forwarded to ADOC officials to obtain their approval for surgery. According to the exhibits submitted by plaintiff, approval for surgery had to be obtained from ADOC and that agency, and not the Louisiana defendants, was the agency which denied approval for plaintiff's surgery.

Plaintiff has not shown that the defendants were aware of facts from which an inference of substantial risk of serious harm could be drawn; nor has he shown that they actually drew such an inference; nor that their response to plaintiff's complaints indicated that they subjectively intended that any harm occur to the plaintiff. *Thompson v. Upshur County, Texas*, 245 F.3d 447, 458-459 (5th Cir.2001).

To the contrary, plaintiff's statement of the case reveals that his medical complaint was addressed. Plaintiff seeks only punitive damages from the Louisiana defendants. Since he has failed to show that any of the Louisiana defendants (Warden DeVille, Assistant Warden Paillett,

Nurse Smith, JBECC or LCS Corp.) were deliberately indifferent to his medical needs, his claims against these defendants should be dismissed as frivolous.

### 3. *Injunctive Relief*

To the extent that plaintiff seeks injunctive relief from the Louisiana defendants, his transfer and return to the physical custody of the ADOC renders that claim moot. See *Hardwick v. Brinson*, 523 F.2d 798, 800 (5th Cir.1975). Plaintiff must show either a "demonstrated probability" or a "reasonable expectation" that he would be transferred back to JPECC or released and then re-incarcerated there. *Murphy v. Hunt*, 455 U.S. 478, 482, 102 S.Ct. 1181, 71 L.Ed.2d 353 (1982). Further, to the extent that he seeks injunctive relief from the sole Alabama defendant, ADOC Assistant Commissioner Ruth Naghlich, this court has no jurisdiction over that party. Further, and in any event, plaintiff has alleged no fault on the part of Commissioner Nahglich and therefore any claims asserted against her are subject to dismissal for failing to state a claim for which relief may be granted.

Accordingly,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed**

**legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglass v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, March 31, 2008.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE